# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2274

_____

Scott Yanke,                                    *
                                                *
            Plaintiff-Appellant,                *
                                                *      Appeal from the United States
      v.                                        *      District Court for the District of
                                                *      Minnesota.
City of Delano, Minnesota,                      *
sued as The City of Delano, by                  *            [UNPUBLISHED]
the City Council of the City,                   *
                                                *
            Defendant-Appellee.                 *

_____

Submitted: March 17, 2006
Filed: March 22, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Scott Yanke brought this action under 42 U.S.C. § 1983 challenging a provision of the Delano City Code that requires property owners to arrange for an inspection of their plumbing by the city or a licensed plumber if they do not want to pay a monthly surcharge. Yanke contends that the ordinance is unconstitutional because it requires illegal searches of private property. The district court[1] granted summary judgment in favor of the city, and Yanke appeals. We affirm.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

On February 4, 2003 the City of Delano enacted Ordinance § 603.02 in response to significant flooding problems related to the municipal sewer system. This ordinance requires every property owner in Delano who discharges into the city sewer system to obtain an inspection either by the city or by a licensed plumber to ascertain whether there is any prohibited discharge. Failure to obtain a property inspection can result in a monthly surcharge of $100 until such time as an inspection is done. The ordinance also allows the city council to grant a waiver where strict enforcement would cause an undue hardship. Yanke failed to comply with the ordinance and was assessed a surcharge; his application for a waiver was denied. The city has not entered Yanke's home without his permission or arranged for anyone else to do so and it has not commenced criminal proceedings against him. Yanke is the only property owner in Delano who has not complied with the ordinance.

Yanke brought this action in the district court, complaining that the ordinance violated the Fourth and Fourteenth Amendments of the United States Constitution and the state constitution. The district court granted summary judgment to Delano after concluding that the Fourth Amendment neither applies to private plumbers since they are not government actors nor prohibits the surcharge for failure to comply with the ordinance. It concluded that Yanke had not shown any violation of the state or federal constitution. On his appeal Yanke complains that the district court erred in granting summary judgment and argues that the Fourth Amendment is implicated because the private plumbers are acting as agents of the government when conducting an inspection under the ordinance, and an administrative warrant is required. Our review of his constitutional challenge is de novo. United States v. Collins, 321 F.3d 691, 694 (8th Cir. 2003).

Whether the Fourth Amendment is implicated under the Delano ordinance depends on whether the activities of private plumbers are attributable to the city government. See Skinner v. Railway Labor Executives Ass'n., 489 U.S. 602, 614 (1989). Before a private plumber's acts can be attributed to the city there must be

some showing that the government instigated or directed the plumber's actions, and there was no such showing here. See United States v. Luciow, 518 F.2d 298, 300 (8th Cir. 1975).  Under the ordinance it is the property owner not the city who initiates an arrangement with a private plumber, and property owners have the option to pay a monthly surcharge if they do not want their premises inspected. See also City of Pasco v. Shaw, 110 P.3d 1200 (Wash. App. 2005) (upholding a similar city ordinance that required landlord to provide certificate of inspection or lose rental license). Moreover, Yanke's home was never searched.  We conclude that the Fourth Amendment is not implicated in these circumstances and that Yanke has shown no constitutional violation.

Accordingly, the judgment is affirmed.

_____